UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK N.A., INDENTURE
TRUSTEE FOR THE IMPAC CMB TRUST
SERIES 2005-3,

    Plaintiff,

Case No. 23-10938

v.

HON. DENISE PAGE HOOD

JOSEPH JONES, ERNEST CORENELIUS,
JOHN DOE,

    Defendants,

DOSHIA BANKS,

    Counter Claimant.
_____/

## ORDER GRANTING MOTION TO REMAND (ECF No. 8), REMANDING BACK ACTION TO THE 36TH DISTRICT COURT, STATE OF MICHIGAN and ORDER CLOSING CASE

On April 21, 2023, Defendants Joseph Jones, Ernest Cornelius, John Doe Occupants removed this summary proceeding action from the 36th District Court, State of Michigan to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. Defendants state in their Notice of Removal that the summary proceedings filed by Plaintiff violate their constitutional rights regarding due process. Defendants also cite 28 U.S.C §§ 1332 (Diversity) and 1333 (Admiralty)

in their Notice of Removal as further basis of this Court's jurisdiction.

Plaintiff Wells Fargo Bank N.A. filed a Motion to Remand Case Back to State Court Due Lack of Subject Matter Jurisdiction. (ECF No. 8) Plaintiff argues that its claim is based exclusively upon state law and does not implicate federal issues. Plaintiff claims it brought its claim of possession by summary proceedings before the state courts under MCL § 600.5714(1)(g). Plaintiff was granted a sheriff's deed on a mortgage sale dated March 17, 2016, recorded on March 29, 2016 in Liber 52860, Page 1476 of the Wayne County Records, as to real property on Huntington Road, Detroit, Michigan. (ECF No. 8, PageID.56-.57) The last day to redeem the sheriff's deed was September 17, 2016, and no such redemption was made. Plaintiff, as owner of the property, filed its Complaint to Recover Possession of Property before the 36th District Court, State of Michigan on November 29, 2021. (*Id.* at PageID.62) Defendants thereafter removed the matter to this Court on April 21, 2023. Plaintiff asserts that the only issue that may be triable is whether there was a defect in the procedure of the sheriff's sale of the property at issue.

Defendant Jones' response argues that Plaintiff violated their due process of law, claiming improper service and that there was no hearing regarding the matter. Defendants assert this Court has subject matter jurisdiction to clarify if there was

fraud on behalf of Plaintiff in using the law and the court to manipulate and steal the property from Defendants.   (ECF No. 11, PageID.77)

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895).   The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1).   "As a general rule, removability is determined by the pleadings <u>filed by the plaintiff</u>," and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added).   If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill,* 315 U.S. 442 (1942).   Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss or remand the action, either by a party's motion or the court's own motion.  Fed. R. Civ. P. 12(h)(3);  *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

The procedure after removal is governed by 28 U.S.C. § 1447.   A motion to

remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.* A civil action brought in state court can be removed to federal court if the action could have been brought there originally. 28 U.S.C. § 1441. Federal courts have original subject matter jurisdiction when the complaint alleges a federal question. 28 U.S.C. § 1331.

Based on a review of the Notice of Removal and the Complaint before the 36th District Court, the Court finds that the admiralty statute and the diversity jurisdiction statute cited by Defendants, 28 U.S.C. § 1333 and 28 U.S.C. § 1332, are inapplicable in this matter. This is clearly not an admiralty action under 28 U.S.C. § 1333. As to diversity jurisdiction, removal based upon diversity is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants in this action are residents of Michigan, and therefore could not remove the summary proceeding action based upon diversity of citizenship. *Fed. Nat'l Mortgage Ass'n v. LeCrone,* 868 F.2d 190, 194 (6th Cir. 1989).

A review of the action filed by Plaintiff before the 36th District Court shows

4

that no facts or claims based on a federal question under 28 U.S.C. § 1331 are alleged against Defendants. Defendants' argument that the action could have been brought originally before the federal courts under 28 U.S.C. § 1441 is without merit since the Court can only look to the *Plaintiff's Complaint* to determine whether it has federal question subject matter jurisdiction as to the Complaint. *McNutt, supra;* Fed. R. Civ. P. Rule 8(a)(1). Defendants' arguments and affirmative defenses raising federal law, including claims that Plaintiff violated their federal constitutional rights, cannot form a basis for federal question subject matter jurisdiction. *See The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830-31 (2002). There is no basis for federal court jurisdiction over a foreclosure action filed by a plaintiff in state court, including affirmative defenses as to the foreclosure action. *LeCrone,* 868 F.2d at 193-94. A defendant's reliance on federal law as an affirmative defense does not present federal question for removal analysis. *Id.* at 194. Even if federal laws are implicated in the state court action, the Sixth Circuit presumes that state courts enjoy jurisdiction concurrent with that of the federal courts, unless Congress has chosen to make federal jurisdiction exclusive. *Id.* at 192.

Defendants have not shown that this Court has exclusive jurisdiction over the summary proceedings brought by Plaintiff. *Id.* at 194, n. 5. There is nothing to

prevent the 36th District Court from addressing Defendants' affirmative defenses, including any claims that their federal constitutional due process rights were violated during Plaintiff's attempt to possess the property at issue. The Court will remand the matter.

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Remand Case Back to State Court Due Lack of Subject Matter Jurisdiction **(ECF No. 8)** is GRANTED.

IT IS FURTHER ORDERED that this action, including any possible counterclaim, is **REMANDED BACK** to the 36th District Court, State of Michigan. The Clerk shall prepare the necessary documents to effectuate the remand forthwith.

IT IS FURTHER ORDERED that this action is **CLOSED** on the docket.

S/DENISE PAGE HOOD  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED: March 31, 2024